[Civ. No. 6534. Fifth Dist. Aug. 11, 1982.]

Estate of ALLESANDRO SECRETO, Deceased.
CHARLES D. SECRETO, JR., et al., Petitioners and Respondents, v.
LUCIEN FREDERICK SECRETO, as Executor, etc., Claimant and
Appellant.

COUNSEL

William Arthur Miller for Claimant and Appellant.

Jensen, Gaarde & Brereton and Ralph E. Gaarde for Petitioners and Respondents.

OPINION

HANSON (P. D.), J.—This is an appeal from a decree filed April 20, 1981, in a proceeding to determine the persons entitled to distribution of an estate. (Prob. Code, § 1080; 7 Witkin, Summary of Cal. Law (8th ed. 1974) Wills and Probate, §§ 260-262, pp. 5761-5762.)[1]

Appellant Lucien Frederick Secreto is the executor of the estate of Allesandro Secreto and decedent's only surviving son. Respondents Charles D. Secreto, Jr., and Joseph Secreto are decedent's grandsons and sons of Charles Secreto, who died before receiving the bequest made to him in the will.

Allesandro Secreto died testate on August 18, 1966, having made a will dated September 29, 1955. The will was admitted to probate on October 14, 1966, and on October 17, 1966, Lucien was appointed executor of the estate; letters testamentary were issued that same day.

Allesandro's wife, Rose Secreto, predeceased him, dying October 21, 1965. Paragraph nine of the will provides as follows: "Should my wife predecease me or die prior to the distribution of my estate, I give, devise and bequeath to my son, LUCIEN FREDERICK SECRETO, presently living in San Francisco, California, the right to purchase from my estate the ranch owned by me and my wife at the value set on said prop-

---

[1]Such an order is appealable under Probate Code section 1240.

erty by the Inheritance Tax Appraiser of Stanislaus County, in appraising the property in my estate. The option to purchase must be exercised by my son LUCIEN FREDERICK SECRETO within one year of the date of my death or said right shall expire and said option to purchase must be exercised by him by filing a notice of his exercise of said option with the clerk of the court where my estate is being probated. Should said option to purchase be exercised, my son shall have the right to occupy and manage said ranch from the date of the exercising of said option, and shall annually make a report of the operation of said ranch. He shall be allowed one-third of the gross income from said ranch as wages, or salary for the operation of said ranch to be used by him for his living expenses, one-third of said gross annual income shall be used as operational expenses of the ranch, and one-third of the gross annual income shall apply on the purchase price. The bequest so made herein shall be payable from the last mentioned one-third. The moneys received by my executor from the sale of the property in San Francisco and from payments made by my son SAM SECRETO on the purchase of the taxicab business only unless my son LUCIEN FREDERICK SECRETO, at his option, desires to borrow money on said ranch in order to pay the other bequests made herein."

The will provided for bequests of $10,000 each to decedent's sons Lucien and Charles and $2,000 each to grandsons Johnnie and Alexander Secreto, or, if they were no longer living, to their issue, to be paid from the first monies available to the executor after the payment of just debts, taxes, funeral expenses and expenses of administration. The residue of the estate was left one-quarter to appellant, one-quarter to decedent's son Charles, one-quarter to decedent's son Sam, less the above $2,000 bequests to his sons, and one-quarter to appellant in trust for decedent's grandson Fred Monaco.

On October 17, 1966, appellant filed a "NOTICE OF EXERCISING OPTION TO PURCHASE," stating: "NOTICE IS HEREBY GIVEN by LUCIEN FREDERICK SECRETO, a son of Allesandro Secreto, ..., deceased, that he will exercise his option to purchase from the estate of said decedent the ranch property belonging to said estate, in accordance with the terms and conditions, and in the manner set forth in Paragraph NINTH of the Last Will and Testament of the said Allesandro Secreto, ..." Appellant then took possession of the ranch, and farmed the property until the instant proceeding.

In 1963, section 854[2] was added to the Probate Code: "When any option to purchase real or personal property is given in a will duly admitted to probate the optionee may petition the court for an order authorizing the executor or the administrator with the will annexed to transfer or convey such property upon compliance with the terms and conditions stated in the will.

"The clerk shall set the petition for hearing by the court and give notice thereof for the period and in the manner required by Section 1200 of this code.

"Such order shall not be made unless the court shall find that the rights of creditors will not be impaired or shall require bond in an amount and with such surety as the court shall direct or approve. The order shall not be entered unless the court shall find that all inheritance taxes payable in said proceedings have been paid or the State Controller, an inheritance tax attorney or a subordinate inheritance tax attorney has, in writing, consented to the entry of the order by the court.

"The petition must be filed within any time limitations stated in the will, or, in any event, within six months after the issuance of letters testamentary or letters of administration with the will annexed; provided, however, that if any time limitation in the will is measured from the death of the testator such time shall be extended by the period between such death and the issuance of such letters but in no event to more than six months after such issuance."

Although appellant filed notice with the court as directed in the will that he was exercising the option to purchase the family farm, he did not as *optionee* petition the court within six months of issuance of letters testamentary for an order transferring the property to him under the terms of Probate Code section 854.[3] The respondents, however, received actual notice of Lucien's exercise of the option under the will, and were aware that appellant occupied the farm and tilled it for more than 12 years. During that time, respondents filed no objections; appel-

---

[2]Unless otherwise designated, all references to code sections are to the Probate Code.

[3]See also Probate Code section 583, which provides: "No executor or administrator may purchase any property of the estate, or any claim against the estate, directly or indirectly, nor be interested in any such purchase; and if he pays any claim for less than its full amount he may have credit in his accounts only for the amount actually paid. [¶] *Nothing in this section shall prevent the exercise, pursuant to the provisions of this code, of any option to purchase real or personal property given in any will duly admitted to probate.* [¶] This section does not prohibit purchase of property of an estate by the executor or administrator pursuant to the will of the decedent or a contract in writing made during the lifetime of the decedent, provided the contract is one which

lant, as executor, filed no reports or accounts with the court; no bequests were paid.

An appraisal and inventory of the estate executed January 9, 1968, which showed the ranch to be the principal asset, was filed on December 18, 1975. The appraisal indicated the total value of the estate to be $74,513.10, of which $70,000 was allocated to the real property. It is undisputed that during the intervening years Lucien used over $70,000 of his personal funds for farm operating expenses, and the farm was operated at a net loss. Lucien paid no money on the purchase price. At the time of the hearing, the estimated value of the property was $400,000 to $500,000.

On March 16, 1979, respondents filed a request for special notice and petition for determination of entitlement to distribution of the estate. The petition sought interpretation of the will, including paragraph nine, and alleged that appellant had failed to make any accounting to the estate or report of the operation of the ranch as required by the will. It was further alleged that appellant, in seeking to exercise the option under paragraph nine, had failed to obtain court approval of the option agreement pursuant to Probate Code section 854.

On March 19, 1979, respondents filed a petition for issuance of citation to compel an accounting, alleging that the time for filing or presenting creditors' claims had expired February 23, 1967, and that appellant-executor had not filed an account and report of his administration of the estate. A citation issued August 29, 1979.

On September 12, 1979, appellant filed a "FIRST ACCOUNT AND REPORT OF EXECUTOR AND PETITION FOR ITS SETTLEMENT." Appellant alleged that all claims filed or presented against the estate had been allowed, approved and paid, and that the certificate of the inheritance tax referee certified that there was no inheritance tax due from the estate and no lien on any property of the estate for tax purposes.

Respondents sought a further accounting, an increase in the executor's bond, and also moved to remove or suspend appellant's powers as

can be specifically enforced. [¶] Proceedings for a decree authorizing and directing the conveyance to him of the property pursuant to such contract shall conform to the provisions of Article 3 (commencing with Section 850) of Chapter 14 of this division, and, in addition to the notice therein required, notice of the hearing shall be given by mail at least 10 days before the hearing to all heirs, devisees, and legatees named in the petition for probate of the will or in the petition for letters of administration, as the case may be, and to all persons who have requested notice or who have given notice of appearance as is more particularly provided in Section 1200.1." (Italics added.)

executor. On December 19, 1979, the above matters were heard. The court ordered appellant's bond increased and continued the remaining matters pending trial on the distribution issues.

A pretrial conference was held March 7, 1980; the issues to be tried were framed in the following pretrial order: "The Will of the decedent granted LUCIEN SECRETO an option to purchase the real property in question, with the option to be exercised within one year of the date of death.

"Petitioners contend that LUCIEN SECRETO failed to comply with Probate Code §854 requiring court approval of an option agreement in favor of the executor and as a result of this failure, the option is of no force and effect. Petitioners claim that the real property in question and all income therefrom is a part of the decedent's estate, subject to distribution to all potential distributees. It is LUCIEN SECRETO'S position that he is entitled to possession and title to the real property.

". . . . . . . . . . . . . .

"ISSUES:

"1) Did LUCIEN SECRETO comply with the provisions of Probate Code § 854 relative to options, and if he did not, was his attempted exercise of the option null and void;

"2) Does Probate Code § 854 require strict or substantial compliance;

"3) If the option is declared null and void, can LUCIEN SECRETO establish title to the real property by virtue of the doctrine of adverse possession;

"4) Whether or not the petitioners and objectors, CHARLES D. SECRETO, JR. and JOSEPH SECRETO, and all others similarly situated are barred from prosecuting this claim by reason of laches and the doctrine of estoppel.

"BIFURCATION OF TRIAL: It was agreed at the time of the pre-trial conference that issues number 1 and 2 should be bifurcated and tried first. Depending upon the outcome of the trial on those issues, issues number 3 and 4 would be tried."

The first two issues were tried by the court on stipulated facts, matters which were judicially noticed, and exhibits. The parties stipulated that a petition for final distribution of the estate had not been filed, and that the October 17, 1966, notice is the only document filed by appellant to exercise the option contained in the will. The court judicially noticed materials concerning the legislative history of Probate Code section 854 and the superior court file in the conservatorship of the persons and estates of Allesandro and Rose Secreto (action No. 79243), which showed that, except for the farm, the assets were exhausted.

The matter was heard on September 29 and October 9, 1980, and submitted for decision. On October 10, 1980, the trial court issued a minute order in favor of respondents on issues 1 and 2 of the pretrial conference order.

"Lucien Secreto did not comply with Probate Code Section 854 relative to options. Probate Code Section 854 requires that Petition for Court order authorizing the Executor to transfer or convey such property be filed no later than six months after issuance of letters of [*sic*] testamentary. Since no petition was filed by the Executor within the specified time, the Executor is not entitled to any such order.

"The legal requirement for obtaining a Court order for transfer of property has not been complied with, and Lucien Secreto is not entitled to conveyance of the property."

On January 23, 1981, the court tried issues 3 and 4 of the pretrial conference order. On February 18, 1981, the court filed its decision concerning distribution of the estate property, detailing the issues, the evidence presented and the reasoning of the court, and holding that the farm property was subject to distribution under the terms of the will because Lucien had not exercised the option and had no right to purchase the property. No findings were requested by the parties. Judgment was filed April 20, 1981.

▮ We have found no case construing section 854. We hold that the trial court was incorrect in its interpretation of the statute, and therefore remand the entire matter to the trial court for further proceedings to determine issues necessary to complete the probate of the estate.

■ "The fundamental rule of statutory construction is that the court should ascertain the intent of the Legislature so as to effectuate the *purpose* of the law." (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672]; italics added.) ■ We observe that in the material presented to the trial court for purposes of judicial notice is a letter from the Office of Legislative Counsel of May 1, 1963, reporting on Senate Bill No. 197, which amended section 583 and added section 854 to the Probate Code. The summary of the bill states that the statute "[p]ermits the optionee of an option to purchase real or personal property in a will duly admitted to probate to petition the court for an order authorizing the executor or administrator with the will annexed to convey such property upon the terms and conditions stated in the will." ■ The summary uses the word "permits." To permit means "[t]o suffer, allow, consent, let; to give leave or license; to acquiesce, by failure to prevent, or to expressly assent or agree to the doing of an act." (Black's Law Dict. (5th ed. 1979) p. 1026.)

■ We also note that in an April 30, 1963, letter urging Governor Brown to sign the bill, the author, Senator Donald L. Grunsky, said there was no California statute or appellate court case dealing specifically with the procedure where an option to purchase real property is given to a devisee in a will. Senator Grunsky indicated that, previously, probate lawyers had to follow a lengthy and uncertain procedure, first obtaining a decree of preliminary distribution distributing the right or option to purchase the property to the devisee, then obtaining the consent of the inheritance tax department, then obtaining an order, through the filing of a petition for instructions, authorizing the representative to convey title to the optionee upon payment of the amount specified in the will within the period set forth in the will, or if no time limit were set forth in the will, within a reasonable time period established by the court. Senator Grunsky explained that the portion of the bill which added section 854 to the Probate Code *established a statutory procedure which permits the holder of an option to petition the court.* He pointed out that safeguards were set forth for adequate notice for the protection of creditors and the inheritance tax department.

This is a procedural statute which provides, for the first time, a process for an *optionee* in a will to seek a hearing with notice for the purpose of transferring property to the optionee when the requirements for the purchase of the property as set out in the will are met. The statute does not terminate the right of an optionee to *exercise* the option; on the contrary, a reasonable reading shows it only terminates the right

of the optionee as optionee to *petition* the court for an order instructing the executor to transfer title to the property upon payment of the purchase price under the terms of the will before close of an estate.

The intent was not to cause a forfeiture of the option by failure of an optionee to invoke the statute, particularly when the optionee has previously given notice to the court of exercising the option according to the terms in the will, but to "provide[ ] a procedure to facilitate the decedent's testamentary intent to grant an option to another person to purchase real or personal property." (2 Cal. Decedent Estate Administration (Cont.Ed.Bar 1975) § 30.24, p. 1180 (hereinafter cited as CEB).) After the time set out in the statute has passed, while the *optionee* may no longer petition the court under section 854, the executor may still petition for special instructions from the court to allow the transfer of title to the property subject of the option. The requirement of notice in the statute is to ensure that inheritance taxes and debts are paid before assets are transferred.

Lucien exercised the option under the will by giving notice to the court according to the terms of the will, and he has not lost his right to benefit from the option; however, he did not pay for the property as provided in paragraph nine of the will, and consequently full title could not have been transferred to him. By not seeking a hearing under section 854 within the time provided, Lucien did not lose his right to acquire the property, only his right as *optionee* to seek to invoke the benefit of the procedure provided by the statute. In his role as executor, he may petition for special instructions to the court for an order "authorizing and directing him, in his representative capacity, to convey the property to himself under the terms of the option set out in the decedent's will" (CEB, § 30.25, p. 1180), or under terms found to be reasonable by the trial court at a further hearing.

Important issues remain for determination. Because the trial was bifurcated and the court *first* determined that the statute required the court to hold that Lucien's exercise of the option was null and void, the trial of other issues necessarily was affected by the court's interpretation of the code section. On remand, there should be a hearing on the interpretation of paragraph nine of the will. As an aid in understanding the terms of paragraph nine and the expressed intent of Allesandro, surrounding circumstances may be considered. (7 Witkin, *supra*, § 160, p. 5676.)

It is not too late for Lucien as executor to petition or to join in the present petition to the court under section 1080 for an interpretation of the terms of paragraph nine and determination to entitlement to estate distribution (7 Witkin, *supra*, § 261, p. 5762). The court, in considering the matter anew under the interpretation of the code section as discussed herein, may set a reasonable time for compliance with all terms of the will for the protection of all parties.

The judgment is reversed and remanded for further proceedings in light of the discussion in this opinion.

Zenovich, Acting P. J., and Conklin, J.,* concurred.

A petition for a rehearing was denied September 10, 1982, and the opinion was modified to read as printed above. Respondents' petition for a hearing by the Supreme Court was denied October 13, 1982.

---

*Assigned by the Chairperson of the Judicial Council.